**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

UWE MANFRED HARTBRICH,

                 Plaintiffs,

    v.

JEH JOHNSON, *et al.*,

                 Defendants.

Case No. 2:16-cv-01866-APG-VCF

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

(ECF No. 7)

      Uwe Manfred Hartbrich filed this case to challenge the U.S. Citizenship and Immigration Services' denial of his Application for Naturalization. The defendants move to dismiss, arguing that: (1) the district court cannot review the denial of the naturalization application, and (2) Hartbrich committed an aggravated felony so he does not qualify for citizenship.

      Because Hartbrich has not properly alleged that he exhausted the administrative remedies, he cannot maintain his claim. Hartbrich must offer specific facts plausibly alleging that he exhausted his remedies, and he has not done so. I therefore grant the defendants' motion to dismiss but grant Hartbrich leave to amend.

**I.      BACKGROUND**

      Hartbrich is a native and citizen of Germany who obtained permanent resident status in 1989.[1] He filed his N-400 Application for Naturalization on September 22, 2015, and received an eligibility interview on February 24, 2016.[2] His application was denied on April 18, 2016 because USCIS classified a prior criminal conviction he had as an aggravated felony, which

---

[1] ECF No. 1 at 3; ECF No. 1-10 at 1.

[2] ECF No. 1-3 at 2.

disqualified him for citizenship.[3]  Hartbrich filed this suit against the government on August 7, 2016, stating that he "has already exhausted all administrative remedies available to him."[4]

## II.      DISCUSSION

### A.      Legal Standard — Fed. R. Civ. P. 8, 12(b)(6)

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[5]  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[6]  "Factual allegations must be enough to rise above the speculative level."[7]  To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[8]

I must apply a two-step approach when considering a motion to dismiss.[9]  First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[10]  Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[11]  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[12]

_____

[3] ECF No. 7 at 1.

[4] ECF No. 1 at 4.

[5] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Twombly*, 550 U.S. at 555.

[8] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[9] *Id.* at 679.

[10] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).

[11] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

[12] *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief.[13]  A claim is facially plausible when the complaint alleges facts that allow me to draw a reasonable inference that the defendant is liable for the alleged misconduct.[14]  Where the complaint does not permit me to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[15]  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[16]  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires [me] to draw on [my] judicial experience and common sense."[17]

## B.    Exhaustion of Remedies

Generally, the USCIS's denial of citizenship "shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant."[18]  "An applicant seeking judicial review of the denial of a naturalization application must first request a hearing before an immigration officer."[19]  The applicant may then seek review in district court "only if the agency denial is upheld after the hearing."[20]

---

[13] *Id.* at 679.

[14] *Id.* at 663.

[15] *Id.* at 679 (internal quotation marks and citation omitted).

[16] *Twombly*, 550 U.S. at 570.

[17] *Iqbal*, 556 U.S. at 679.

[18] 8 C.F.R. § 336.9; *see also Xiao v. Barr*, 979 F.2d 151, 153 (9th Cir. 1992) (an immigration case describing that Congress intended for courts to deny judicial review to those who fail to exhaust their administrative remedies).

[19] *Abghari v. Gonzales*, 596 F. Supp. 2d 1336, 1342 (C.D. Cal. 2009) (citing 8 U.S.C. § 1447(a)).

[20] *Id.* (citing 8 U.S.C. § 1421(c), which states that "a person whose application for naturalization … is denied, *after a hearing before an immigration officer* under section 1447(a) of this Title, may seek review of such denial before the United States district court" (emphasis added)); *see also* 8 C.F.R. § 310.5 ("After an application for naturalization is denied following a hearing before a Service officer pursuant to section 336(a) of the Act, the applicant may seek judicial review of the decision pursuant to section 310 of the Act").

In the USCIS decision letter denying his citizenship application, Hartbrich was told that he "may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days."[21] Upon receiving his request for a hearing, USCIS would have scheduled one within 180 days.[22] That officer would have the "authority and discretion" to "receive new evidence," to "conduct a full de novo hearing," and to ultimately "affirm the findings and determination of the original examining officer or to re-determine the original decision in whole or in part."[23]

Hartbrich does not state whether he requested a hearing from USCIS; he states only that he "has already exhausted all administrative remedies available to him."[24] Under Rule 8, such a conclusory statement is not sufficient to demonstrate that he has in fact exhausted his remedies. Because Hartbrich has not offered the specific facts necessary to properly allege that he has exhausted the remedies available to him, I grant the defendants' motion to dismiss. If Hartbrich is able to offer specific facts showing he has exhausted his remedies, he may file an amended complaint containing those facts by September 1, 2017.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 7) is GRANTED.** Hartbrich may file an amended complaint curing the deficiencies discuss above by September 1, 2017. If he fails to do so, this case will be closed.

DATED THIS 11th day of August 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[21] ECF No. 1-3 at 3; *see also* INA 336(a) ("If…an application for naturalization is denied, the applicant may request a hearing before an immigration officer").

[22] 8 C.F.R. § 336.2(b).

[23] *Id.*

[24] ECF No. 1 at 4.